

# The Attorney General of Texas

August 1, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Chairman
Committee on Intergovernmental
 Affairs
House of Representatives
Austin, Texas

Opinion No. MW-214

Re: Authority of the Board of Regents of North Texas State University to designate the chief executive officer of the University as chancellor

Dear Representative Lewis:

You have requested our opinion regarding the authority of the Board of Regents of North Texas State University to designate the chief executive officer of the university as chancellor.

Section 105.74 of the Education Code provides:

> The chief executive officer of the university shall serve as chief executive officer of the college of osteopathic medicine.

The title to be conferred on the chief executive officer is not fixed by statute.

The Board of Regents of North Texas State University has:

> [w]ith respect to the management and control of the university ... the same powers and duties that are conferred on the Board of Regents, State Senior Colleges, with respect to institutions in that system.

Education Code §105.41. The Board of Regents, State Senior Colleges, "is responsible for the general control and management of the universities in the system," and, pursuant to such authority, it may:

> employ and discharge presidents or principals, teachers, treasurers, and <u>other employees.</u>

Education Code §95.21. (Emphasis added).

In Attorney General Opinion MW-64 (1979), we said that the Coordinating Board and a board of regents were prohibited from changing the statutorily established name of an institution. In the present instance, however, the chief executive officer has no statutorily established title. As a result, we believe that the Board of Regents, acting under its general authority to employ officials, may designate its chief executive officer as chancellor, so long as that individual is the chief executive officer of both North Texas State University and the College of Osteopathic Medicine.

### SUMMARY

The Board of Regents of North Texas State University may validly designate the chief executive officer of the university as chancellor.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Ann Kraatz